UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID BOWMAN, #631259,

                    Petitioner,

                                          CASE NO. 2:12-CV-13347
v.                                        HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

                    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

     This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

David Bowman ("Petitioner") was convicted of two counts of first-degree criminal sexual

conduct, MICH. COMP. LAWS § 750.520b(1)(b)(i) (sexual penetration with a person at least

13 years old but less than 16, and the actor is a member of the same household as the

victim), following a jury trial in the Oakland County Circuit Court.  He was sentenced to

concurrent terms of 17½ to 40 years imprisonment in 2009.  In his pleadings, Petitioner

raises claims concerning the effectiveness of trial counsel and the validity of his sentence.

For the reasons set forth, the Court denies the petition for a writ of habeas corpus.  The

Court also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.   Facts and Procedural History

     Petitioner's convictions arise from his sexual relations with his 14-year-old niece at

his residence in Brandon Township, Oakland County, Michigan in the summer of 2006.

The Michigan Court of Appeals summarized the relevant facts, which are presumed correct

on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir.

2009), as follows:

> The complainant, 14 years old at the time of the incidents in question, was
> in the legal custody of Brenda Bowman, the complainant's mother's sister.
> The complainant's father had died and her mother was a drug addict.
> Defendant was Brenda's ex-husband. Brenda and the complainant lived in
> Michigan and then moved to Utah. In late May 2006, defendant traveled from
> Michigan to Utah to bring the complainant back to Michigan to live with him.
> The complainant lived with defendant and defendant's brother in a house in
> Oakland County. The complainant testified that, when she and defendant
> lived together, they had sex on nearly a daily basis. They would have vaginal
> intercourse and perform oral sex on one another. Defendant was arrested in
> late August 2006 after police received a tip that the complainant was being
> sexually abused.

*People v. Bowman*, No. 292415, 2010 WL 4483698, *1 (Mich. Ct. App. Nov. 9, 2010)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the

Michigan Court of Appeals raising the same ineffective assistance of counsel and

sentencing claims presented on habeas review, as well as a claim challenging the

imposition of a lifetime tether.  The court affirmed Petitioner's convictions and sentences,

but remanded to the trial court for removal of the lifetime tether provision from the judgment

of sentence.  *Id*.  Petitioner filed an application for leave to appeal with the Michigan

Supreme Court, which was denied in a standard order.  *People v. Bowman*, 489 Mich. 898,

796 N.W.2d 87 (2011).

Petitioner thereafter instituted this federal habeas action.  He raises the following

claims as grounds for relief:

I. The trial court and the Michigan Court of Appeals abused their

2

discretion in denying his motion for a *Ginther* hearing where he was denied the effective assistance of counsel.

II.     Unconstitutional sentencing of Offense Variables 8, 10, and 19.

III.    Unconstitutional upward departure from the sentencing guidelines.

Respondent has filed an answer to the petition contending that the claims lack merit and the petition should be denied.  Petitioner has filed a reply brief in support of his claims.

## III.    **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong

3

of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694.   However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.   The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted).   The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).   Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   *Id.* In order to obtain habeas relief in federal court, a state prisoner must show that the state

4

court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only

with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.   Analysis

### A.   Ineffective Assistance of Trial Counsel Claims

Petitioner asserts that he is entitled to habeas relief because the state courts abused their discretion in denying his requests for an evidentiary/*Ginther* hearing on his ineffective assistance of trial counsel claims. Petitioner further asserts that trial counsel was ineffective for failing to interview and subpoena three potential witnesses and for failing to request the victim's group home records. Respondent contends that these claims lack merit.

To the extent that Petitioner claims that the state courts violated state law in denying him an evidentiary/*Ginther* hearing on his ineffective assistance of trial counsel claims, he is not entitled to relief from this Court. *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citation omitted). A state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is also no clearly-established Supreme Court law which recognizes a constitutional right to an evidentiary hearing on state post-conviction review to develop issues. *Hayes*, 193 F. App'x at 584; *see also Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, *18 (E.D. Mich. March 25, 2013) (denying habeas relief on similar evidentiary hearing claim); *Hall v. Berghuis*, No. 07-12163, 2009 WL 2244793, *9 (E.D. Mich. July 27, 2009) (same).

6

Consequently, Petitioner fails to state a cognizable federal claim as to this issue. Habeas relief is not warranted on such a basis.

Petitioner, however, also asserts that trial counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark

7

for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Petitioner first asserts that trial counsel was ineffective for failing to interview and subpoena Brenda Bowman, the victim's aunt, Amy Freels, the victim's sister, and John Bowman, Petitioner's brother. Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to establish that counsel erred or that he was prejudiced by counsel's conduct. The court explained:

> Defendant argues that his counsel was ineffective for failing to interview and subpoena as witnesses Brenda, Amy Freels, the complainant's sister, and John Bowman, defendant's brother. Defendant does not propose that Freels or Brenda would offer testimony favorable to him. In defendant's brief on appeal, defense counsel states that he was advised by defendant that he (defendant) would obtain affidavits from Freels and Brenda. However, none have been provided to this Court to date. The evidence adduced at trial suggests that Freels and Brenda would not have provided testimony favorable to defendant. Detective Michael Gagnon testified that Freels reported to him that she witnessed the complainant and defendant having sex, and also that defendant would supply her and the complainant with alcohol and marijuana. Sergeant Don Sypniewski testified that he went to defendant's home to conduct a welfare check after receiving a phone call from Brenda, who stated that she was concerned that defendant was at risk

8

of harming himself and the complainant. Since defendant cannot substantiate his claim that Freels and Brenda would have provided testimony favorable to him, counsel did not err in failing to interview and subpoena these witnesses. *See People v. Caballero*, 184 Mich App 636, 642, 459 NW2d 80 (1990) (stating that the failure to interview witnesses standing alone will not establish inadequate preparation; instead, it "must be shown that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefitted the accused.").

Trial strategy also supported counsel's decision not to call Freels or Brenda as a witness. Counsel presumably was aware that Freels and Brenda both contacted the police and made negative reports regarding defendant. Counsel decided not to call Freels and Brenda to the stand, where they would have most likely given testimony damaging to defendant, and instead chose to expressly use their absence to defendant's advantage. During closing argument, defense counsel repeatedly stated that, if Freels or Brenda could provide testimony favorable to the prosecution, the prosecution would have called them as witnesses. Counsel's decision not to call Freels or Brenda was a matter of trial strategy and cannot be the basis for finding ineffective assistance of counsel. *See People v. Davis*, 250 Mich App 357, 368, 649 NW2d 94 (2002) (stating that decisions concerning what evidence to present and whether to call or question a witness are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy).

With regard to counsel's failure to call defendant's brother, John, as a witness, defendant does not substantiate his claim that John could provide favorable testimony. Defendant alleges that John would testify that he (John) never saw any sexual activity between defendant and the complainant while living with the two at the time in question. Without an affidavit or some other corroboration, defendant's claim is unconvincing.

*Bowman*, 2010 WL 4483698 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Well-established federal law requires that defense counsel conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to

9

investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d 251 at 258. "A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." *Id*. (quoting *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991)); *see also Wiggins*, 539 U.S. at 526

That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making such strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to present evidence or call witnesses constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

Petitioner has not shown that trial counsel erred or that he was prejudiced by counsel's conduct. First, the record reveals that counsel was aware of these potential witnesses and made a strategic decision not to call them. Petitioner has not overcome the presumption that counsel's decision was reasonable. Given Brenda Bowman's and Amy Freels' statements to police, trial counsel may have reasonably believed that those witnesses would not have benefitted Petitioner's defense and/or would have been detrimental to his case. Counsel instead chose to use their absence to Petitioner's advantage by arguing that their testimony would not have been incriminating or the prosecution would have called them. As to John Bowman, counsel may have decided not to call him as a witness because he was Petitioner's brother and might not be credible to the jury. Such strategy was reasonable. The fact that trial counsel's strategy was

10

ultimately unsuccessful does not mean that counsel was ineffective.  *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").  Trial counsel did not deprive Petitioner of a substantial defense.

Second, Petitioner has not provided affidavits from any of the witnesses who he believes that counsel should have called at trial.  His conclusory allegations about what those witnesses would have said are insufficient to demonstrate that counsel erred or that he was prejudiced by counsel's conduct.  *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007) (conclusory allegations are insufficient to justify habeas relief); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).  Petitioner has not shown that trial counsel was ineffective under the *Strickland* standard.  More importantly, for purposes of federal habeas review, this Court cannot conclude that the state court's ruling to that effect is unreasonable.

Petitioner also asserts that trial counsel was ineffective for failing to request the victim's records from Vista Maria, the group home where she was housed following his arrest.  The Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to establish that the privileged records were admissible or would have benefitted his defense so as to demonstrate that counsel was ineffective.  The court explained:

> Defendant further contends that counsel was ineffective for failing to request the complainant's confidential records from Vista Maria, the group home at which the complainant was placed after defendant's arrest. According to defendant, the records would show that the complainant attempted to run

11

away from Vista Maria, and only after she was unable to leave did she make allegations regarding a sexual relationship with defendant. Defendant suggests that the complainant made the allegations because she believed that doing so would facilitate her release from the facility.

MCL 600.2157a(2) provides that reports or statements given or made in connection with a consultation between a victim and a sexual assault counselor "shall not be admissible as evidence in any civil or criminal proceeding without the prior written consent of the victim." Defendant fails to cite record evidence that the complainant gave written consent. In any event, we find no error in the trial court's finding that the complainant, as a minor, could not consent to the release of the records.

"[W]here a defendant can establish a reasonable probability that the privileged records are likely to contain material information necessary to his defense, an in camera review of those records must be conducted to ascertain whether they contain evidence that is reasonably necessary, and therefore essential, to the defense." *People v. Stanaway*, 446 Mich 643, 649-650, 521 NW2d 557 (1994). Here, defendant falls short of making such a showing.

Defendant overemphasizes the relevance of hospital records indicating that the complainant had attempted to escape before disclosing her sexual relationship with defendant. There is no dispute that the complainant did not like Vista Maria and was intent on leaving. A foster care specialist testified that the complainant entered Maria Vista under medium security because she was a flight risk. Further, defendant elicited testimony acknowledging that the complainant had attempted to escape from Maria Vista near the same time as the disclosures. Specifically, the complainant's therapist testified:

> Q. Okay. Now my question to you is, did Kayla try to run before she made a disclosure to you, or after?

> A. During. During the-it was probably the same time period. Just dealing with the emotions of facing everything that happened to her and what she went through.

Defendant fails to articulate how evidence that the complainant had attempted to escape Maria Vista before making any disclosures is significantly different from evidence that the complainant had attempted to escape Maria Vista during the period in which she made disclosures.

Moreover, the complainant denied that her disclosure of the sexual relationship to her therapist at Vista Maria was an effort to be released from the facility. Even if the Vista Maria records were to show that the

complainant disclosed the relationship only after denying it and attempting, unsuccessfully, to escape, this would not necessarily suggest that the complainant's claim of an affair was false. Additionally, even if the records at issue were admitted into evidence, defendant could not demonstrate a reasonable probability of acquittal. At trial, the complainant unequivocally testified that she and defendant engaged in various sex acts on nearly a daily basis over the course of months. A jury may convict on the uncorroborated evidence of a CSC victim. *People v. Lemmon*, 456 Mich 625, 643 n 22, 576 NW2d 129 (1998); MCL 750.520h. The testimony adduced at trial was sufficient to sustain defendant's convictions. Consequently, defendant cannot demonstrate prejudicial error sufficient to prevail on an ineffective assistance of counsel claim, and the trial court did not err in failing to order an in camera review of the requested records.

*Bowman*, 2010 WL 4483698 at *2-3 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, the trial record indicates that the victim's guardian did not waive the privilege as to those therapy records and Petitioner has not shown that the therapy records would have been admissible under state law. Defense counsel cannot be deemed deficient for failing to make a futile request or motion. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

Second, Petitioner has not shown that the records would have benefitted his defense and/or that he was denied a substantial defense. Through other testimony, including the victim's testimony, the jury was well aware that the victim did not like Vista Maria and attempted to run away from the home near the time when the sexual abuse was disclosed. In fact, the defense was able to point out inconsistencies in the victim's testimony about such matters in an effort to discredit her. During closing arguments, defense counsel was also able to argue that the victim made the disclosures of sexual

13

abuse in an effort to get out of Vista Maria. Petitioner had the opportunity to present his defense that the victim fabricated the allegations of sexual abuse. The fact that the victim wanted to leave the home and/or the exact timing of her disclosures does not make her allegations of sexual abuse more or less likely to be true. Petitioner has not shown that counsel erred and/or that he was prejudiced by counsel's conduct in this regard. He fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on these claims.

**B.    Sentencing Claims**

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in scoring three offense variables of the state sentencing guidelines and because the trial court erred in imposing a sentence that departed above the guidelines. Respondent contends that these claims are not cognizable upon habeas review and/or lack merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. Laws § 750.520b (providing that first-degree criminal sexual conduct is punishable by any term of years or life imprisonment). Consequently, it is insulated from habeas review absent a federal constitutional violation.

14

Petitioner first asserts that the state trial court erred in scoring Offense Variable 8 (victim asportation or captivity), Offense Variable 10 (exploitation of victim's vulnerability), and Offense Variable 19 (interfering with the administrate of justice) of the state sentencing guidelines. The Michigan Court of Appeals denied relief on these claims finding that the disputed offense variables were properly scored as a matter of state law. *Bowman*, 2010 WL 4483698 at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's claim that the trial court erred in scoring the Offense Variables 8, 10, and 19 is not cognizable on habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any perceived error in scoring the offense variables and determining the sentencing guideline range does not justify federal habeas relief.

To the extent that Petitioner contests the state court's interpretation of state law regarding the offense variables and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780

15

(1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to this issue.

Petitioner is also not entitled to relief on any claim that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. The record indicates that he had a sentencing hearing with ample opportunity to challenge the scoring of the offense variables. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.[1] Habeas relief is not warranted.

Petitioner is also not entitled to habeas relief on any claim that the trial court improperly relied upon facts neither admitted by him nor proven beyond a reasonable doubt in sentencing him. The United States Court of Appeals for the Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they

---

[1]The Court notes that the Michigan Court of Appeals ruled that the trial court improperly considered certain facts in scoring Offense Variable 19, but found that the score was nonetheless justified by other facts. This was a state law decision. The court did not find that the trial court relied upon false or inaccurate information.

16

set a minimum sentence range while the maximum is set by statute. *Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentence is within the statutory maximum penalty, which was not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred.[2] Habeas relief is not warranted on such a basis.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in imposing a sentence that departs above the state sentencing guideline range. The Michigan Court of Appeals denied relief on this claim finding that the upward departure was justified under state law due to the longstanding nature of the sexual abuse where Petitioner and the victim had sex nearly every day for three months. *Bowman*, 2010 WL 4483698 at *6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's claim that the state court

---

[2]There is some question about the continuing validity of *Montes* and *Chontos* given the Supreme Court's decision in *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151, 2155 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.... Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). But Petitioner is not entitled to relief on this claim in any event. Habeas relief may only be granted if the state court's decision is contrary to, an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The law that state courts must follow is clearly established Supreme Court law as it exists "at the time of the state-court adjudication on the merits." *Greene v. Fisher*, _ U.S. _, 132 S. Ct. 38, 43 (2011); *see also Miller v. Stovall*, 742 F.3d 642, 644-45 (6th Cir. 2014). Even if *Alleyne* requires a result different than *Montes* or *Chontos*, the state court's decision was neither contrary to, nor an unreasonable application of, clearly-established Supreme Court law at the time of Petitioner's sentencing and direct appeal. Habeas relief is not warranted.

improperly departed from the guidelines range concerns a state law issue which is not cognizable on habeas review. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (upward departure from state sentencing guidelines does not implicate federal due process rights); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (same). As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief is not warranted.

## V.   <u>Conclusion</u>

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that

18

... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id*. at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).  This case is closed.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager